*Judge Andrew A. Caffrey took no part in the consideration of this matter.

** Judge Milton Pollack recused himself and took no part in the consideration of this matter.

1. The motions before the Panel, as originally filed, pertained to fourteen actions: nine actions in the Eastern District of Michigan; four actions in the District of Arizona; and one action in the Central District of California. On September 28, 1987, *David Pfister, et al, v. Northwest Airlines, Inc., et al.,* C.D. California,

IT IS ORDERED, for the foregoing reasons, that plaintiffs' motion for remand is DENIED.

## In re AIR CRASH DISASTER AT DETROIT METROPOLITAN AIRPORT ON AUGUST 16, 1987.

### No. 742.

Judicial Panel on Multidistrict Litigation.

Dec. 7, 1987.

Before ANDREW A. CAFFREY,* Chairman, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, Jr., S. HUGH DILLIN, MILTON POLLACK,** and LOUIS H. POLLAK, Judges of the Panel.

### TRANSFER ORDER

PER CURIAM.

This litigation presently consists of 21 actions pending in two federal districts: fourteen actions in the Eastern District of Michigan and seven actions in the District of Arizona.[1] Before the Panel are motions by plaintiff in one Michigan action and by

---

C.A. No. 87–05561 JGD, was dismissed without prejudice. The other five Michigan and three Arizona actions are included in the matter before us because all parties to those actions have stated in writing their respective positions on the present motions and participated in oral argument at the Panel's November 18, 1987 hearing. In addition, the Panel has been advised of several recently filed related actions. These actions will be treated as potential tag-along actions. *See* Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278–80 (1981).

defendant Northwest Airlines, Inc. (Northwest), pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of Michigan for coordinated or consolidated pretrial proceedings. Plaintiffs in six Michigan and three Arizona actions as well as three other defendants support centralization there. Plaintiffs in four Arizona actions oppose centralization in the Michigan forum; they, alternatively, suggest centralization in the Central District of California.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of Michigan will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions concerning the cause or causes of the crash of Northwest Flight 255 on August 16, 1987, shortly after takeoff from Detroit Metropolitan Airport, in which 154 persons on the aircraft and two persons on the ground died, while one child on board the aircraft and four persons on the ground were injured. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Michigan, wherein the crash occurred, is the most appropriate transferee forum. We note that pertinent witnesses and documents may be found there and that most of the actions before the Panel are currently pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in the District of Arizona be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Julian A. Cook, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–742—In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*

### District of Arizona

*James Downs, etc. v. Northwest Airlines, Inc.,* C.A. No. CIV–87–1351 PHX CAM

*Kenneth Young, etc. v. Northwest Airlines, Inc.,* C.A. No. CIV–87–1352 PHX RCB

*Christine Anne Gruici, etc. v. Northwest Airlines, Inc.,* C.A. No. 87–1358 PHX CAM

*Von Jones, et al. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–1456 PHX RCB

*Annette K. Mickelson, etc. v. Northwest Airlines, Inc.,* C.A. No. 87–1741 PHX RCB

*Peter Vanos, et al. v. Northwest Airlines, Inc.,* C.A. No. 87–1730 PHX CAM

*Kris J. Grigg, et al. v. Northwest Airlines, Inc.,* C.A. No. 87–1744 PHX EHC

### Eastern District of Michigan

*Chester H. Polec, etc. v. Northwest Airlines, Inc.,* C.A. No. 87–CV–73216–DT

*James Downs, etc. v. Northwest Airlines, Inc., etc.,* C.A. No. 87–CV–73245–DT

*Kenneth Young, etc. v. Northwest Airlines, Inc., etc.,* C.A. No. 87–CV–73247–DT

*Carlos Valasquez v. Northwest Airlines, Inc., etc.,* C.A. No. 87–CV–73263–DT

*Gordon Atkins v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73264–DT

*Michael A. Nelson, etc. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73274–DT

*Lawrence Michael Favio v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73275–DT

*Kenneth B. Morgan, etc. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73276–DT

*Stacy Surowitz, etc. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73404–DT

*Kenneth Klaft v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73677–DT

*Twonder Davis, et al. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–74010–DT

*Twonder Davis, et al. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–74011–DT

*Dongernerial Thomas v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–74012–DT

*Anita J. Vlazny, etc. v. Northwest Airlines, Inc., et al.,* C.A. No. 87–CV–73983–DT